## Martínez *v.* El Registrador de la Propiedad.

### Recurso gubernativo contra nota del Registrador de la Propiedad de Mayagüez.

No. 4.—Resuelto en marzo 25, 1904.

Hipoteca—Pago Parcial y Prórroga para Pagar el Resto.—Una escritura por la que se cancela en parte un crédito hipotecario y se conceden al deudor (*) nuevos plazos para pagar el resto, quedando subsistente y en toda su fuerza y vigor la primitiva hipoteca, constituye una obligación perfectamente válida y eficaz e inscribible en el registro.

Id.—Acreedores Posteriores.—La cancelación parcial de una primera hipoteca y la concesión de una prórroga para pagar el resto, quedando subsistente la hipoteca primitiva, es un contrato que, lejos de perjudicar, beneficia a los acreedores posteriores, que conservan la plentitud de sus derechos, sin perjuicio de los derechos preferentes del primer acreedor para hacer efectivo el resto de su crédito a su vencimiento.

Id.—Cancelación.—Si una hipoteca no apareciere cancelada en el registro de la propiedad debe estimarse vigente para todos los efectos legales.

EXPOSICIÓN DEL CASO.

*Visto* el presente recurso gubernativo interpuesto por el abogado Don Pascasio Fajardo y Cardona, a nombre de Don Rogelio Martínez, contra negativa del Registrador de la Propiedad de Mayagüez, a inscribir una escritura de prórroga de un crédito hipotecario.

*Resultando:* que por escritura otorgada en la ciudad de Mayagüez ante el notario de la misma Don Santiago R. Palmer, en 16 de febrero de 1888, Don Pedro Acevedo y Rodríguez, acreedor hipotecario de Don Teodoro Forestier, por la suma de cinco mil quinientos pesos moneda corriente en el

comercio, en la fecha del contrato, declaró haber recibido del mismo, a cuenta de su crédito, la suma de mil trescientos pesos, prorrogándole el resto de cuatro mil doscientos, por cuatro años más, a pagar mil doscientos en primero de marzo de 1889, y a razón de mil pesos en igual día de los años sucesivos de 1890, 1891 y 1892, y quedando vigente y en toda su fuerza y vigor, la hipoteca constituída a favor del citado acreedor, por la escritura hipotecaria primitiva, y que presentada dicha escritura de prórroga al Registrado de la Propiedad de Mayagüez para su inscripción, le fué denegada por el registrador, por los fundamentos de la nota puesta al pie de la misma, la que copiada a la letra dice así: (*)

"No admitida la inscripción del precedente documento por el defecto insubsanable de contenerse en el mismo, una novación parcial del contrato primitivo que perjudica derechos de tercero, y tomada en su lugar anotación preventiva por 120 días, al folio 151 vuelto del tomo 10 de Las Marías, finca número 113 triplicado, anotación letra A; con los defectos subsanables, además, de no expresarse las colindancias de la finca, ni si es primera o posterior copia la que motiva esta nota. Mayagüez, 5 de febrero de 1904. El Registrador, Licenciado Juan Irizarry. Honorarios, $7.25; 1 y 7 Al. Hay un sello de rentas internas por valor de 50 centavos."

*Resultando:* que contra esta nota ha interpuesto en tiempo el abogado Don Pascasio Fajardo, a nombre de Don Rogelio Martínez, como dueño, en parte, del crédito hipotecario de que se trata, el presente recurso gubernativo para que se revoque dicha nota y se ordene al registrador que inscriba la expresada escritura; habiendo comparecido también por escrito, ante este Tribunal Supremo, el Registrador de la Propiedad de Mayagüez, alegando las razones que estimó pertinentes en confirmación de su nota denegatoria.

Abogado del recurrente: *Sr. Fajardo.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Considerando:* que la escritura de que se trata, por la que

se extingue en parte un crédito hipotecario y se conceden al deudor nuevos plazos para pagar el resto, quedando subsistente en toda su fuerza y vigor la primitiva hipoteca, constituye una obligación perfectamente válida y eficaz y por consiguiente, inscribible en el registro de la propiedad, sin que de ello puedan resultar perjudicados los hipotecarios posteriores, sino antes al contrario, favorecidos, toda vez que extinguido en parte el crédito del primer acreedor hipotecario y anotada la cancelación parcial de dicho crédito en el registro de la propiedad, de eso menos responde la finca hipotecada, en beneficio para los hipotecarios posteriores, (*) los que, por  otra parte, conservan la plenitud de sus derechos sin perjuicio, como es natural, de la preferencia que corresponde al primer acreedor hipotecario por el resto de su crédito para hacerlo efectivo a su vencimiento, atendida la prioridad de su hipoteca, puesto que no apareciendo cancelada en el registro de la propiedad, debía estimarse vigente para todos los efectos legales, sobre cuyo particular ninguno de los terceros interesados puede alegar ignorancia.

*Considerando:* por tanto, que no existe el defecto insubsanable que impida la inscripción de la escritura, como con manifiesto error lo consigna el Registrador de la Propiedad de Mayagüez, en su nota.

*Vistos* los artículos 65 y 77 de la Ley Hipotecaria y 110 del reglamento y la sección 6ª. de la ley votada por la Asamblea Legislativa de esta Isla, sobre recursos contra las resoluciones de los registradores de la propiedad.

*Se revoca* la nota puesta por el Registrador de la Propiedad de Mayagüez al pie de la escritura de que se trata en el presente recurso, y se declara que dicha escritura es inscribible, aunque con los defectos subsanables a que se refiere el registrador en su nota y que no han sido impugnados en el presente recurso; y se condena al Registrador de la Propiedad de Mayagüez al pago de los gastos ocasionados a la parte recurrente, hasta la suma de veinte dollars y a practi-

car gratuitamente la inscripción de la expresada escritura, devolviéndosele los documentos presentados, con copia de la presente resolución, para su conocimiento y demás efectos legales procedentes.

Jueces concurrentes: Sres. Hernández, Figueras, Sulzbacher y MacLeary.(*)